## Baker & Reddick v. Emma Summers.

1. PRACTICE—*Harmless Error.*—Although the rulings of the trial court upon the admission and exclusion of evidence and on the instructions may be in some minor respects inaccurate, yet where, on the whole record, it is manifest that both sides had a fair trial and that the result reached by the verdict and judgment is in accordance with the law applicable to the issues tried and the evidence produced, the judgment will be affirmed.

**Trespass on the Case**, to recover damages to plaintiff's means of support by reason of the sale of intoxicating liquors to her husband. Appeal from the Circuit Court of DeWitt County; the Hon. WILLIAM G. COCHRAN, Judge presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed June 20, 1902.

HERRICK & HERRICK and WARNER & LEMON, attorneys for appellants.

MARSHALL C. GRIFFIN and CHARLES C. LEFORGEE, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

Appellee, Emma Summers, the widow of Harry Sum-

mers, deceased, sued appellants, Samuel Baker and George
Reddick, who were partners in keeping a dram-shop under
the name of Baker & Reddick, in the Circuit Court of
DeWitt County, in an action on the case to recover damages
to her means of support by reason of their selling or giv-
ing intoxicating liquors to her husband in his lifetime
which contributed to his intoxication and that of one
Marcum, and that by reason of such intoxication of both,
Marcum killed her husband and she was deprived of him
who had been before then her supporter, and who had sup-
ported her well.

Appellants demurred to the declaration which, as
amended, contained five counts; and the demurrer being
overruled, they pleaded not guilty to it; and upon issue
joined, the case was tried by jury and resulted in a verdict
in favor of appellee for $2,500, upon which the court ren-
dered judgment after overruling appellants' motion for a
new trial. They excepted, and to effect a reversal of the
judgment, bring the case to this court by appeal and insist
that the court improperly ruled in the admission and exclu-
sion of evidence; in giving and refusing instructions; and
that the verdict is contrary to the evidence and the law
applicable thereto.

It appears that appellants keep the only dram-shop in
the town of Weldon, DeWitt county, Illinois, a town of
about 600 population. In the second story of the building
where they do business, there is a gambling room run by
another person, and appellants sell and furnish the intoxi-
cating liquors which are drunk by persons frequenting the
gambling room. On the 25th of December, 1899, Harry
Summers procured intoxicating liquors from appellants
until he was very much intoxicated, and in that condition,
engaged in a game of cards with one Murdock in the
gambling room, where they got into a quarrel over the
game, and while so quarreling, Marcum, who was a stranger
to Summers, but who was somewhat acquainted with Mur-
dock, came into the gambling room, also in a drunken con-
dition, resulting from intoxicating liquor which he had

bought from appellants, and took the part of Murdock in the quarrel. This so enraged Summers that he attacked Marcum, and was shot and killed by him.

The evidence leaves no doubt but that the drunken condition of both Summers and Marcum caused the former to be killed by the latter, and the jury properly so found. The insistence of appellants that the evidence fails to show that the intoxication of Summers and Marcum was the proximate cause of the killing of the former by the latter, is without force in view of the evidence in this record.

While the rulings of the trial court upon the admission and exclusion of evidence and on the instructions were, in some minor respects, inaccurate, yet on the whole record it is manifest that both sides had a fair trial, and that the result reached by the verdict and judgment is in accordance with the law applicable to the issues tried and the evidence produced, and therefore the judgment in this case should, and will be, affirmed.